UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:23-CV-61637-ROSENBERG/AUGUSTIN-BIRCH

TRUSTEES OF THE NATIONAL ASBESTOS
WORKERS MEDICAL FUND,

    Plaintiff,

v.

A1 MECHANICAL INSULATION LLC,

    Defendant.
_____/

**REPORT AND RECOMMENDATION ON
<u>MOTION FOR ATTORNEY'S FEES AND COSTS</u>**

    This cause comes before the Court on Plaintiff Trustees of the National Asbestos Workers Medical Fund's Motion for Attorney's Fees and Costs. DE 19. The Honorable Robin L. Rosenberg, United States District Judge, referred the Motion to the undersigned United States Magistrate Judge for appropriate disposition. DE 20. Defendant A1 Mechanical Insulation, LLC never filed a response, but this Court ordered Plaintiff to supplement the Motion for Attorney's Fees and Costs, DE 21, and Plaintiff complied with this Court's Order. DE 22. Having carefully considered the briefing and the record and being otherwise fully advised, the Court **RECOMMENDS GRANTING IN PART AND DENYING IN PART** Plaintiff's Motion for Attorney's Fees and Costs [DE 19].

**I. Background**

    This case arises under the Employee Retirement Income Security Act ("ERISA"). Plaintiff, trustees of a multiemployer benefit plan, sued Defendant, an employer, for failing to both pay contributions and furnish records to Plaintiff. DE 1. Despite being served, DE 8, Defendant never responded to Plaintiff's Complaint, and Plaintiff moved for a clerk's entry of default. DE 10. The

Clerk of Court issued a default as to Defendant, DE 11, and Plaintiff thereafter moved for a default judgment. DE 17. Judge Rosenberg entered default judgment in Plaintiff's favor, DE 18, and Plaintiff subsequently filed the present Motion for Attorney's Fees and Costs. DE 19.

## II. Plaintiff's Motion Could be Granted by Default

Local Rule 7.1(c)(1) cautions litigants that failure to timely respond to a motion "may be deemed sufficient cause for granting the motion by default." Because Defendant has not responded to Plaintiff's Motion, Plaintiff's Motion could be granted by default. *See Lopez v. Ingram Micro, Inc.*, No. 95-2004-CIV-NESBITT, 1997 WL 605780, at *2 (S.D. Fla. Aug. 27, 1997) (granting motion for attorney's fees and costs by default under Local Rule 7.1(c)); *Jean-Louis v. Greenberg*, No. 08-81205-CIV, 2009 WL 3387484, at *1 (S.D. Fla. Oct. 16, 2009) (noting plaintiff was entitled to have motion for attorney's fees granted by default due to defendants' failure to respond).

## III. Plaintiff is Entitled to Reasonable Fees and Costs

Under the "American Rule," prevailing litigants normally pay their own fees unless a statute or contract permits recovery from the non-prevailing party. *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 382 (2013). Here, Plaintiff asserts that 29 U.S.C. § 1132(g)(2)(D) permits recovery of its attorney's fees and costs from Defendant. DE 19-1 at 1. That statute provides:

> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan reasonable attorney's fees and costs of the action, to be paid by the defendant . . . .

29 U.S.C. § 1132(g)(2)(D). The Court concludes that Plaintiff is entitled to recover its reasonable attorney's fees and costs from Defendant pursuant to this statute for the following reasons.

First, Plaintiff alleged in its Complaint that it represents trustees of a "plan" as that term is defined by 29 U.S.C. § 1002(3). DE 1 ¶ 2. After Defendant defaulted, this allegation is deemed admitted. *See Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)

("The defendant by his default, admits the plaintiff's well pleaded allegations of fact.");[1] *Saludes v. Republica De Cuba,* 655 F. Supp. 2d 1290, 1292 n.1 (S.D. Fla. 2009) ("A defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact."). Second, Plaintiff sought to recover delinquent contributions from Defendant, *see* DE 1 at 2–4, and 29 U.S.C. § 1145 mandated these contributions. *See* 29 U.S.C. § 1145 ("Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall . . . make such contributions in accordance with the terms and conditions of such plan or such agreement."). Finally, Plaintiff obtained a default judgment in its favor. DE 18. Accordingly, the Court finds that Plaintiff has satisfied the requirements of 29 U.S.C. § 1132(g)(2)(D) and is entitled to recover reasonable attorney's fees and costs pursuant to that statute.

## IV. Reasonable Hourly Rates

To determine reasonable attorney's fees, courts must employ the "lodestar" method. *See Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). The first step of the lodestar method is determining a reasonable hourly rate. *Id.* "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id.* The attorney moving to receive his or her fees bears the burden of justifying the reasonableness of the requested rate. *See Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984) ("In seeking some basis for a standard, courts properly have required prevailing attorneys to justify the reasonableness of the requested rate or rates. To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested

---

[1] The Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions issued prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."). Moreover, courts are considered experts on the matter of reasonable hourly rates for attorneys and may rely on their own knowledge and experience when determining a reasonable hourly rate. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (quoting *Norman*, 836 F.2d at 1303).

Plaintiff submitted billing records from two law firms for the Court's review. First, Plaintiff submitted billing records from Attorney Charles W. Gilligan and Paralegal Teresa Butler of O'Donoghue & O'Donoghue LLP, seeking $2,762.50 for 17.25 hours expended. DE 19-2. Attorney Gilligan has 38 years of experience, and Paralegal Butler has 39 years of experience. DE 19-3 at 1. Attorney Gilligan billed at an hourly rate of $290, and Paralegal Butler billed at an hourly rate of $150. *Id.* at 2. Regarding Attorney Gilligan's hourly rate of $290, the Court finds this rate to be reasonable and in line with the hourly rates normally approved in this District for ERISA cases. *See, e.g.*, *Smith v. Reliance Standard Life Ins. Co.*, No. 03-61274-CUV-ZLOCH, 2004 WL 2980683, at *2 (S.D. Fla. Nov. 10, 2004) (finding hourly rate of $300 to be reasonable); *Brooks v. Peer Rev. Mediation & Arb., Inc.*, No. 11-61630-CIV, 2012 WL 5410405, at *4 (S.D. Fla. Nov. 6, 2012) (finding hourly rates of $300 and $350 to be reasonable); *Kahane v. Unum Life Ins. Co. of Am.*, No. 05-60101-CIV, 2008 WL 11417699, at *3 (S.D. Fla. June 6, 2008) (finding hourly rates of $400 and $375 to be reasonable), *report and recommendation adopted*, No. 05-60101-CIV, 2008 WL 11417700 (S.D. Fla. Aug. 20, 2008). As for Paralegal Butler, the Court finds an hourly rate of $150 to be reasonable given Paralegal Butler's considerable experience. *See, e.g.*, *Ramirez v. Rosalia's Inc.*, No. 20-CV-23270, 2023 WL 3930726, at *5 (S.D. Fla. June 9, 2023) (noting courts in the Southern District typically permit hourly rates of $100 to $150 for paralegals and approving $150 hourly rate for a paralegal); *Glob. Digit. Sols., Inc. v. Grupo Rontan Electro Metalurgica, S.A.*, No. 18-80106-CV, 2021 WL 7630524, at *2 (S.D. Fla. Aug. 16, 2021) (finding

$150 hourly rate reasonable for paralegal with "high level of experience"); *H.C. v. Bradshaw*, 426 F. Supp. 3d 1266, 1281 (S.D. Fla. 2019) (concluding $150 hourly rate for paralegal with 15 years of experience was reasonable).

Second, Plaintiff submitted billing records for Attorney Patrick A. Venable of Venable Law Firm, P.A., seeking $12,540 for 41.80 hours expended. DE 22-5. Attorney Venable has 18 years of experience and billed at an hourly rate of $300. DE 19-5. As stated above, an hourly rate of $300 is in line with what other courts in this District have approved as reasonable for ERISA cases. Additionally, Attorney Venable has had his $300 hourly rate approved previously. *See Ironworkers Loc. 397 Pension Fund v. Window Worx, LLC*, No. 8:17-CV-1105-T-23TGW, 2018 WL 3761048, at *8 (M.D. Fla. May 25, 2018) ("I am recommending that a reasonable hourly rate for both Patrick A. Venable and W. Eric Venable is $300."), *report and recommendation adopted sub nom. Ironworkers Loc. 397 Pension Fund & Ironworkers Loc. 397 Annuity Fund v. Window Worx, LLC*, No. 8:17-CV-1105-T-23TGW, 2018 WL 3758490 (M.D. Fla. June 20, 2018). Accordingly, the Court concludes that the hourly rates of Attorney Gilligan, Paralegal Butler, and Attorney Venable are reasonable.

### V. Hours Reasonably Expended

After determining a reasonable hourly rate, the second step of the "lodestar" method is to arrive at the hours reasonably expended. *Norman*, 836 F.2d at 1301. Litigants are required to exercise billing judgment and are to exclude excessive, redundant, or otherwise unnecessary hours from their billing affidavits. *See id.* Litigants must also omit tasks which are purely clerical or secretarial in nature. *Seacoast Nat'l Bank v. M/Y VIAGGIO*, No. 22-CV-62311, 2023 WL 6930685, at *2 (S.D. Fla. Oct. 2, 2023), *report and recommendation adopted*, No. 22-CV-62311-RAR, 2023 WL 6908985 (S.D. Fla. Oct. 19, 2023); *Ortega v. Berryhill*, No. 16-24697-CIV, 2017 WL 6026701, at *2 (S.D. Fla. Dec. 5, 2017) ("Purely clerical or secretarial tasks that require no legal

5

skill or training, such as converting pleadings to PDF, faxing and mailing, updating lists and calendars, and filing or e-filing documents, should not be billed at a paralegal rate regardless of who performs them." (citing *Spegon v. Cath. Bishop of Chi.*, 175 F.3d 544, 553 (7th Cir. 1999))). Ultimately, when reviewing billing affidavits, courts "need not, and indeed should not, become green-eyeshade accountants," as the goal is to "do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011).

Again, Plaintiff submitted two firms' billing records for the Court's review. DE 19-2; DE 22-5. The Court concludes that Attorney Venable's billing records contain distinct issues in need of discussion that are not presented in the billing records for Attorney Gilligan and Paralegal Butler. Thus, the Court will discuss each firm's billing records separately.

### A. Attorney Gilligan and Paralegal Butler

Concerning Attorney Gilligan and Paralegal Butler's billing records, DE 19-2, the records submitted are sufficiently detailed to allow this Court to meaningfully review the hours expended. Attorney Gilligan and Paralegal Butler billed for a total of 17.25 hours, with Attorney Gilligan billing for 1.25 hours and Paralegal Butler billing for 16 hours. After reviewing each billing entry, the Court concludes that the 17.25 hours billed were reasonable and in keeping with the demands of this litigation.

### B. Attorney Venable

Attorney Venable billed for 41.80 hours worked on this case. DE 22-5. The Court has identified several points worth discussing with Attorney Venable's billing records.

#### 1. Overlapping Hours

To the extent the hours billed by Attorney Venable overlapped with hours billed by Attorney Gilligan, the Court finds that such time was minimal and does not run afoul of the rules governing an award for time spent by two or more attorneys on a case. *See* DE 19-2 (Attorney

6

Gilligan billing .25 hours to review and revise the Complaint); DE 22-5 at 1 (Attorney Venable billing 1.0 hour for, among other things, reviewing the Complaint and .4 hours to make revisions to the Complaint); *Johnson v. Univ. Coll. of Univ. of Ala. in Birmingham*, 706 F.2d 1205, 1208 (11th Cir. 1983) ("An award for time spent by two or more attorneys is proper as long as it reflects the distinct contribution of each lawyer to the case and the customary practice of multiple-lawyer litigation."). The Court concludes that it is not unreasonable for two attorneys to review and revise a complaint, especially to the limited extent that occurred here. Therefore, the Court does not recommend deducting the overlapping time billed by Attorney Venable for reviewing and revising the Complaint from Attorney Venable's total hours billed.

## 2. Travel Hours

Attorney Venable billed 3.7 hours for "Travel to West Palm Beach for hearing" and another 4.5 hours for "Travel to and attendance at hearing re A1 Mechanical." DE 22-5 at 2. The Court notes that the minutes entry for the hearing referenced by Attorney Venable lasted 30 minutes. DE 16. Therefore, the Court assumes that Attorney Venable billed 4.0 hours for travel on January 17, 2024.

Attorneys can bill for travel time, but only if it was reasonable for the party not to hire qualified local counsel. *See Johnson*, 706 F.2d at 1208 ("Since plaintiffs had the right to retain more than one attorney, the exclusion of out-of-town counsel's travel time is proper only if it was unreasonable not to hire qualified local counsel."); *Proudfoot Consulting Co. v. Gordon*, No. 06-80959-CIV, 2008 WL 11333721, at *7 (S.D. Fla. Aug. 27, 2008) ("Although, Proudfoot is not prohibited from retaining out-of-town counsel, travel time for those attorneys can be excluded if it was unreasonable not to have retained local counsel."). Because Defendant has not responded to Plaintiff's Motion, and thus has not raised any argument that it was unreasonable for Plaintiff to retain out-of-town counsel, the Court finds that the 7.7 hours billed by Attorney Venable for travel

7

are not unreasonable. As such, the Court does not recommend deducting the travel hours billed by Attorney Venable from Attorney Venable's total hours billed.

### 3. Hours Billed for Clerical Work

As previously stated, attorneys should not bill for tasks that are clerical in nature. *See, e.g.*, *Ortega*, 2017 WL 6026701, at *2 ("Purely clerical or secretarial tasks that require no legal skill or training, such as . . . filing or e-filing documents, should not be billed at a paralegal rate regardless of who performs them."); *Tiramisu Int'l LLC v. Clever Imps. LLC*, 741 F. Supp. 2d 1279, 1297 (S.D. Fla. 2010) ("Tasks such as document 'preparation,' scanning, converting to PDF, attaching to emails, preparing file jackets, and filing should not be billed at a rate of over $200.00 per hour."); *Gates v. Barnhart*, 325 F. Supp. 2d 1342, 1348 (M.D. Fla. 2002) ("Tasks of a clerical nature are not compensable as attorney's fees." (alteration and quotation marks omitted)). Here, on multiple occasions, Attorney Venable billed for clerical work. These billing entries are as follows:

(1) August 25, 2023: .5 hours billed for "File with USDC So. District re: A1 Mechanical Insulation";

(2) November 6, 2023: 1.0 hour billed for "Prepare report to District Court Judge and file with USDC" and .8 hours billed for "Prepare Motion for Clerk's Entry of Default and file with USDC";

(3) November 27, 2023: .4 hours billed for "Prepare documents and exhibits for filing with USDC" and .3 hours billed for "Email to District Court Judge transmitting proposed Order"; and

(4) March 18, 2024: .5 hours billed for "Prepare documents for filing with USDC re: A1 Mechanical Insulation."

DE 22-5 at 1–2. For the November 6, 2023 billing entries, the Court finds that the entirety of those two entries does not cover purely clerical work, such as the time spent preparing a report and

8

preparing a motion for clerk's entry of default. However, the Court cannot determine how much time Attorney Venable spent on these non-clerical tasks since Attorney Venable grouped these tasks with the tasks of filing the report and motion.[2] But since Attorney Venable previously billed .5 hours on August 25, 2023, for filing documents, the Court will utilize that figure as the amount of time Attorney Venable billed for filing documents. And because Attorney Venable separately filed two documents on November 6, 2023, the Court will assume Attorney Venable billed 1 hour to do so. Accordingly, the Court recommends deducting 2.7 hours (.5 + 1 + .4 +.3 +. 5) from Attorney Venable's total hours billed to account for the billing of clerical work.

### 4. Time Spent to Review Order

On November 25, 2023, Attorney Venable billed 1 hour for "Receipt and review of Order." *Id.* at 1. The Court does not know what Order this billing entry refers to, seeing as neither the undersigned nor Judge Rosenberg entered any Orders on November 25, 2023, or the day prior. Attorney Venable might have been referring to a paperless order entered by Judge Rosenberg on November 20, 2023, DE 12, or the Clerk's Office entry of a default on November 6, 2023, DE 11, but neither document should have necessitated 1 hour for review. Accordingly, the Court recommends deducting 1 hour from the total hours billed by Attorney Venable because Attorney Venable fails to specify what Order he reviewed and because any Order he may have reviewed did not necessitate 1 hour for review.

### 5. Excessive Billing Hours

On March 18, 2024, Attorney Venable billed 4.2 hours in total to prepare the Motion for Attorney's Fees and Costs. DE 22-5 at 2. Specifically, Attorney Venable billed 2 hours for dictation of the declaration, 2 hours for dictation of the Motion, and .2 hours for preparing exhibits

---

[2] The Court notes that it ordered Attorney Venable to "file an itemized billing record that includes separate entries for *every task* completed by Attorney Venable." DE 21 at 2 (emphasis added).

for the Motion. *Id.* The Court notes that Paralegal Butler billed 1 hour to calculate attorney's fees and prepare the declaration of attorney's fees, DE 19-2, so the Court presumes that Attorney Venable's billing hours only reflect work done for his declaration and the Motion. Having reviewed the Motion filed, DE 19, the attached memorandum, DE 19-1, and the declaration of Attorney Venable, DE 19-5, the Court concludes that 4 hours is excessive for the amount of work done. The Motion for Attorney's fees contains one page of substance, *see* DE 19, the memorandum attached to the Motion consists of four pages mostly discussing the reasonableness factors for attorney's fees, *see* DE 19-1, and Attorney Venables' declaration is two pages and is most likely a standard form. *See* DE 19-5. Accordingly, the Court recommends deducting 2 hours from the total hours billed by Attorney Venable to account for excessive billing for work done on the Motion for Attorney's Fees and Costs.

The Court also finds the total hours billed by Attorney Venable for work done on the Amended Motion for Default Judgment to be excessive. Between January 22, 2024, and January 31, 2024, Attorney Venable billed 10.2 hours in total for the Amended Motion for Default Judgment. DE 22-5 at 2. These 10.2 hours break down as follows: 1.0 hour for revisions to the motion for default judgment, 2.0 hours for dictation of the Amended Motion for Default Judgment, 1.5 hours for calculation of interest and late fees, 1.3 hours for revisions to the draft Amended Motion for Default Judgment, 1.0 hour for a second review of the calculation of damages, 1.5 hours for revisions to the Amended Motion for Default Judgment, and 1.9 hours for preparing the Amended Motion for Default Judgment and exhibits for filing. *Id.* The Court has reviewed the Amended Motion for Default Judgment and does not have any reason to question the time spent calculating damages, interest, and late fees. Outside of the time spent for these calculations, however, the Court finds that the hours billed by Attorney Venable are excessive for the work done on the 9-page motion. Of the 10.2 hours Attorney Venable billed in total for the Amended Motion

10

for Default Judgment, Attorney Venable billed 7.7 hours for either dictating, revising, or preparing the Amended Motion for Default Judgment, and the Court concludes that these hours are excessive. Accordingly, the Court recommends deducting 3 hours from the total hours billed by Attorney Venable to account for excessive billing for work done on the Amended Motion for Default Judgment.

### 6. Reasonable Hours for Attorney Venable

In total, the Court recommends reducing the 41.80 hours billed by Attorney Venable by: 2.7 hours for clerical work billed, 1 hour for reviewing an unspecified Order, and 5 hours for excessive billing for the Motion for Attorney's Fees and Costs and Amended Motion for Default Judgment. After these reductions, the Court finds 33.1 hours billed by Attorney Venable to be reasonable.

### C. Lodestar Calculation

The Court finds the 1.25 hours billed by Attorney Gilligan to be reasonable. Multiplying these hours by Attorney Gilligan's reasonable rate of $290 per hour equates to an award of $362.50 for Attorney Gilligan. The Court finds the 16 hours billed by Paralegal Butler to be reasonable. Multiplying these hours by Paralegal Butler's reasonable rate of $150 per hour equates to an award of $2,400 for Paralegal Butler. Lastly, the Court finds 33.1 hours billed by Attorney Venable to be reasonable. Multiplying these hours by Attorney Venable's reasonable rate of $300 per hour equates to an award of $9,930 for Attorney Venable. Accordingly, the Court recommends awarding Plaintiff $12,692.50 in attorneys' fees.

### VI. Plaintiff's Requested Costs

Plaintiff requests $541 in costs to recover the $402 court filing fee and the $139 service costs incurred in this litigation. DE 22-1 (Bill of Costs). Court filing fees are compensable as part

of a costs award. 28 U.S.C. § 1920(1) (permitting a court to tax the fees paid to the clerk of court). Therefore, the Court recommends awarding Plaintiff $402 for the court filing fee.

Service of process fees paid to a private process server are compensable, provided the amount does not exceed the cost of United States Marshal Service, which is currently capped at $65 per hour for each item served. *Guerra v. Ameri Clean Pumping, Inc.*, No. 18-22998-CV, 2019 WL 1859243, at *4 (S.D. Fla. Apr. 25, 2019) (citing 28 C.F.R. § 0.114). Plaintiff seeks to recover $139 in service costs for the cost of serving Defendant once with one item. DE 22-3 at 2. Since this exceeds the $65 cap, the Court only recommends awarding Plaintiff $65 for the service of process costs. Accordingly, in total, the Court recommends awarding Plaintiff $467 in costs.

## VII. Recommendation

For the foregoing reasons, the Court **RECOMMENDS GRANTING IN PART AND DENYING IN PART** Plaintiff's Motion for Attorney's Fees and Costs to award Plaintiff $12,692.50 for attorneys' fees and $467 in costs for a total award of $13,159.50.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(a). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2014).

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 19th day of July, 2024.

_____
PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE